Bessie Rand v. Commissioner.
Rand v. Commissioner
Docket Nos. 59167, 60513.
United States Tax Court
T.C. Memo 1957-132; 1957 Tax Ct. Memo LEXIS 118; 16 T.C.M. (CCH) 604; T.C.M. (RIA) 57132; July 25, 1957
*118 Held: ( 1) Expenses which were in the taxable years a contingent liability to the petitioner could not be deducted as business expenses; (2) petitioner failed to substantiate that medical expenses were paid or accrued during the taxable years. Benjamin L. *119 Lasky, Esq., 50 Court Street, Brooklyn, N. Y., for the petitioner. A. Jesse Duke, Jr., Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined deficiencies in petitioner's income tax for 1952, 1953, and 1954 as follows: Additions to tax
Docket
F/Y
Sec. 294
Sec. 294
No.
ended
Amount
(d)(2)
(d)(1)(B)
59167
2/29/52
$9,010.97
748.84
$190.00
60513
2/28/53
5,432.40
474.12
60513
2/28/54
8,277.05
275.00
During the tax years 1952, 1953, and 1954 the petitioner deducted legal and audit expenses totaling $12,817.56, $10,585, and $16,316.08, respectively, as business expenses. The first question presented is whether these deductions should be allowed in the tax years. During 1952 and 1954 petitioner deducted $1,920.82 and $201.14, respectively, as medical expenses. The second question presented is whether these medical expenses should be allowed in the tax years. The Commissioner does not assert that the expenses claimed are not deductible at any time, but rather that they were not deductible in the taxable years. Findings of Fact Most of the facts are stipulated *120 and are so found, the stipulation being incorporated herein by this reference. The petitioner is an individual residing in Brooklyn, New York. The returns for the periods here involved were filed with the collector of internal revenue (now district director) for the first district, New York. Petitioner has owned and operated a business known as the Rand Liquor Store, located at 1029 Bedford Avenue, Brooklyn, New York, since March 5, 1936. The books of account for the liquor store were kept under an accrual method of accounting and income from the store was reported on an accrual basis. Petitioner married Albert E. Rand (hereinafter sometimes referred to as Albert) on August 30, 1920. Albert died September 28, 1950. Statutory notices of deficiency for the fiscal years ended February 29, 1948, February 28, 1949, February 28, 1950, and February 28, 1951, were issued to the estate of Albert E. Rand, deceased, Mrs. Bessie Rand, administratrix, and Mrs. Bessie Rand, surviving wife, on July 30, 1952. See below: Additions to tax
Kind of tax
Amount
Sec. 293(b)
Sec. 294(d)
Income
$47,312.45
$23,656.23
$ 3,539.53
Total
$74,508.21
On August 1, 1951, the *121 petitioner entered into a contract of employment with Benjamin A. Smith, certified public accountant (hereinafter referred to as Smith). By the terms of the contract Smith was to represent petitioner before the Treasury Department and its agencies. A copy of the contract follows: "I, BESSIE RAND, do hereby retain BENJAMIN A. SMITH, Certified Public Accountant, of 50 Court Street, Brooklyn, New York, to represent me before the Treasury Department, or any of its agencies, in connection with a tax controversy of approximately $70,000 asserted against Bessie Rand and Albert E. Rand, deceased, for the fiscal years ending 1947, 1948, 1949 and 1950, and I agree to pay him as and for his services rendered and to be rendered 50% of any reduction in the asserted deficiencies, which shall include any and all disbursements incurred in this matter. "I also agree to pay to BENJAMIN A. SMITH the sum of $2500 which sum shall be applied against the 50% herein above set forth, it being understood and agreed that in the event that no reduction is affected the said sum of $2500 shall be in full payment for his services rendered and for any and all disbursements incurred. "All legal matters pertaining *122 to this tax controversy shall be under the supervision of BENJAMIN A. LASKY, my attorney, of 50 Court Street, Brooklyn, New York. "/s/ Bessie Rand "Dated: August 1, 1951., Accepted by, /s/ Benj. A. Smith" A petition was filed with the Tax Court of the United States under docket number 43238 on August 8, 1952. The proceeding was set for hearing on November 30, 1953, and continued to March 22, 1954. Conferences were held for purposes of arriving at a settlement of the controversy. On March 18, 1954, a stipulation of settlement setting out a deficiency in tax of $12,486.09 was mailed by respondent to the counsel of record in the proceeding for signature and submission to the respondent for acceptance. The stipulation was signed by the respondent on March 26, 1954, and filed with the Tax Court on March 29, 1954. Decision of the Tax Court in the proceeding was entered pursuant to this stipulation on March 30, 1954. This stipulation represented a reduction in deficiencies and additions to tax of $62,022.12. During the fiscal years 1952, 1953, and 1954 entries were made in the legal and audit account of petitioner's business. In each of these years the total of the legal and audit *123 account was deducted as a business expense. The Commissioner allowed these deductions only in part. For the fiscal year ended February 29, 1952, the legal and audit account of the Rand Liquor Store reveals the following transactions: Cash payments during year
$ 5,317.56
Accrual set up as of February 29,
1952
7,500.00
Total
$12,817.56 The petitioner claimed a deduction of $12,817.56 on her return for year ended February 29, 1952, representing legal and audit expenses, of which the Commissioner determined that $1,000 was allowable and that $11,817.56 was not allowable. For the fiscal year ended February 28, 1953, the legal and audit account of the Rand Liquor Store reveals the following transactions: Cash payments during year
$ 5,885
Accrual balance March 1, 1952
5,300
Balance
$ 585
Accrual set up as of February 28,
1953
$10,000
Total
$10,585 The petitioner deducted $10,585 on her return for year ended February 28, 1953, representing legal and audit expenses, of which the Commissioner allowed $585 and disallowed $10,000. For the fiscal year ended February 28, 1954, the legal and audit account of the Rand Liquor Store reveals the following *124 transactions: Cash payments during year
$10,600.00
Accrual balance March 1, 1953
10,000.00
Balance
$ 600.00
Accrual set up as of February 28,
1954
$15,716.08
Total
$16,316.08 The petitioner deducted $16,316.08 on her return for year ended February 28, 1954, representing legal and audit expenses, of which the Commissioner allowed $600 and disallowed $15,716.08. During the 14 months immediately prior to his death Albert E. Rand incurred medical bills totaling $3,422.45. These bills were paid. Petitioner claimed $1,920.82 medical expenses on her return for fiscal 1952 and $201.14 on her return for fiscal 1954. In the statement attached to the notice of deficiency the Commissioner disallowed both of these deductions. Respondent determined additions to tax against the petitioner for the years 1952, 1953, and 1954 as set out above. Opinion VAN FOSSAN, Judge: The first question presented is whether the petitioner is entitled to accrue and deduct legal and audit expenses in the amounts of $12,817.56, $10,585, and $16,316.08 for the respective tax years ending February 29, 1952, February 28, 1953, and February 28, 1954. The petitioner bases her claim for a *125 deduction of such expenses on section 23(a)(1) of the Internal Revenue Code of 1939. [1]
On August 1, 1951, petitioner *126 employed Benjamin A. Smith, a certified public accountant, to represent her before the Treasury Department and its agencies. Petitioner agreed to pay Smith 50 per cent of any reduction he might secure in asserted deficiencies. She also agreed to pay him $2,500 to be applied against the aforementioned 50 per cent. The $2,500 was to be in full payment if no reduction were secured. On July 30, 1952, a statutory notice of deficiency was issued to petitioner as administratrix and surviving wife of Albert E. Rand, and a case, No. 43238, was filed with the Tax Court. Conferences were held and a settlement, setting out a deficiency in tax of $12,486.09, was approved by the Tax Court on March 30, 1954. This settlement effected a reduction in deficiencies and additions to tax of $62,022.12. During the fiscal years 1952, 1953, and 1954 petitioner voluntarily accrued obligations to Smith totaling $7,500, $10,000 and $15,716.08, respectively. The $2,500 fee was a fixed liability to petitioner. She contracted to assume responsibility for its payment, regardless of the outcome of her dispute with the Treasury Department. The stipulated "50% of any reduction", however, was a contingent liability. *127 There was no way of knowing at the time of writing of the contract or at any subsequent time before entry of decision by the Tax Court on March 30, 1954, how much, if indeed any, reduction would be secured. Until entry of the decision on the settlement, petitioner had incurred no liability to Smith in excess of $2,500. The cases are in accord that in order to accrue an expense for tax purposes the liability must be clearly fixed and established. Security Flour Mills Co. v. Commissioner, 321 U.S. 281 (1944); Lucas v. American Code Co., 280 U.S. 445 (1930). All cases cited by taxpayer can be distinguished from the instant case on their facts. In the case at bar liability to Smith in excess of $2,500 could not arise until decision had been entered on the question. This did not occur until after the close of fiscal 1954, the last year in which a deduction for the fees is claimed. We hold that petitioner was entitled to deduct amounts accrued as obligations to Smith during 1952, 1953, and 1954 totaling $2,500 under section 23(a)(1), but was not entitled to deduct audit expenses in excess of this amount. The second question presented for decision is whether *128 the petitioner is entitled to deduct medical expenses in the amounts of $1,920.82 and $201.14 for the respective tax years ending February 29, 1952, and February 28, 1954. [2]
*129 The Commissioner disallowed these deductions on the ground that the petitioner failed to establish that medical expenses in excess of 5 per cent of adjusted gross income [3] were incurred in the years claimed. Petitioner does not refer to this deduction in her brief. The burden of proving claimed medical expenses is on the petitioner. [4] The petitioner has established that medical expenses totaling $3,422.45 were incurred during the last 14 months of Albert E. Rand's life. Albert died September 28, 1950. Petitioner also established that medical expenses totaling $3,422.45 were paid at some time. However, petitioner has failed to establish when such expenses were in fact paid or that the medical expenses claimed in 1952 and 1954 were either paid or incurred during those years. Therefore, petitioner has failed to sustain her burden of proof. We hold that the respondent was correct in disallowing these claimed deductions. *130 The petitioner has introduced no evidence and has, therefore, failed to show why additions to tax imposed by the Commissioner under sections 294(d)(1)(B) and 294(d)(2) should not be imposed. Therefore, these additions should be applied to the deficiencies as redetermined in accordance with this ruling. Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. In the case of any sports program conducted for the benefit of the American National Red Cross, expenses described in section 22(b)(16)(B) shall be allowable under this subparagraph only to the extent that such expenses exceed the amount excluded from gross income by section 22(b)(16).↩
2. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(x) Medical, Dental, Etc., Expenses. - Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in section 25(b)(3) - (1) If neither the taxpayer nor his spouse has attained the age of 65 before the close of the taxable year, to the extent that such expenses exceed 5 per centum of the adjusted gross income; or (2) If either the taxpayer or his spouse has attained the age of 65 before the close of the taxable year, (A) the amount of such expenses for the care of the taxpayer and his spouse, and (B) the amount by which such expenses for the care of such dependents exceed 5 per centum of the adjusted gross income. The deduction under this subsection shall not be in excess of $1,250 multiplied by the number of exemptions allowed under section 25(b) for the taxable year (exclusive of exemptions allowed under section 25(b)(1)(B) or (C)[)], with a maximum deduction of $2,500, except that the maximum deduction shall be $5,000 in the case of a joint return of husband and wife under section 51(b). The term "medical care," as used in the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance). The determination of whether an individual is married at any time during the taxable year shall be made in accordance with the provisions of section 51(b)(5).↩
3. Section 23(x)(1), Internal Revenue Code, 1939↩. See footnote 2, supra.
4. Rules of Practice, Tax Court of the United States: RULE 32. BURDEN OF PROOF The burden of proof shall be upon the petitioner, except as otherwise provided by statute, and except that in respect of any new matter pleaded in his answer, it shall be upon the respondent.↩